**Josephine A. SPORALICH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 78–1065.

United States District Court, W. D. Pennsylvania.

June 11, 1979.

John A. Caputo, O'Donnell, Bresnahan, Caputo & Capristo, Pittsburgh, Pa., for plaintiff.

Robert J. Cindrich, U. S. Atty., Henry Barr, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

SIMMONS, District Judge.

This Court, having examined the pleadings and affidavits, and having read the briefs and heard the statements of counsel, and being fully advised, now enters the following Findings of Fact, Conclusions of Law, and Order.

### FINDINGS OF FACT

1. This action was brought by the Plaintiff pursuant to 28 U.S.C. § 1346(a)(2), as amended, claiming retirement money due

from the United States of America in the amount of $7,771.23, and back pay due her in the amount of $1,206.00.

2. Defendant answered Plaintiff's Complaint, and in addition, filed a Motion for a Change of Venue pursuant to the provisions of Fed.R.Civ.P. 12(b)(3), and 28 U.S.C. §§ 1402(a)(2) and 1404(a), alleging that venue should be in the United States District Court for the District of Maryland for the convenience of the parties, their witnesses and in the interest of justice.

3. Plaintiff is claiming a total of $8,977.23, from the Defendant, arising out of her employment with the Defendant Post Office at Bowie, Maryland, and the Defendant is attempting to counterclaim for $9,138.03, alleged to have been due Defendant from Plaintiff because she had stolen said sum of money in the course of her employment with the Defendant.

4. All of the transactions having to do with the claims of the parties occurred in the District of Maryland.

5. All of the Defendant witnesses, including postal inspectors and the Postmaster, reside in the geographical vicinity of Bowie, Maryland.

6. That it would cause great expense and inconvenience to the United States, the Defendant in this case, to require the above-referred to Defendant witnesses to appear in the United States District Court for the Western District of Pennsylvania.

7. Other than the Plaintiff, it is apparent that all of her potential witnesses would live in the general proximity to the Federal District Court in Maryland.

8. That all of the relevant documents and evidence is situate in the Federal District Court in Maryland.

### CONCLUSIONS OF LAW

1. That it will be much more convenient and fairer to all concerned parties if this case is transferred to the United States District Court for the District of Maryland.

2. That this Court has the power and duty to transfer this case to the United States District Court for the District of Maryland under the above determined Findings of Fact pursuant to 28 U.S.C. §§ 1402(a)(2) and 1404(a).

### ORDER

AND NOW, this 11th day of June, 1979, this case is ORDERED transferred from the United States Court for the Western District of Pennsylvania to the United States Court for the District of Maryland pursuant to the aforementioned findings of fact and conclusions of law this day entered by this Court.