**George J. EBERHART, Plaintiff,**

v.

**James BAKER in his official capacity as Secretary of the United States Department of the Treasury, Gerald L. Mihlbachler, in his capacity as District Director of the Internal Revenue Service for the Denver, Colorado District, and Ladd Ellis, Jr., in his capacity as Chief of the Tax Bureau Service Division of the Internal Revenue Service, Denver District, Defendants.**

Civ. A. No. 86–1652.

United States District Court,
W.D. Pennsylvania.

Feb. 10, 1987.

George J. Eberhart, pro se.

Barbara M. Carlin, Asst. U.S. Atty., for defendants.

## MEMORANDUM ORDER

COHILL, Chief Judge.

This case is presently before us on defendants' motion for change of venue, pursuant to 28 U.S.C. § 1404. The action centers on plaintiff's *pro se* complaint in which he alleges that the defendants unlawfully discriminated against him by terminating his employment with the Internal Revenue Service in Denver, Colorado. Plaintiff alleges that he was terminated because of certain physical impairments which he suffers—he is legally blind and has a 25% hearing loss in both ears.

Defendants base their motion for change of venue on allegations and numerous affidavits which indicate that the majority of documents and witnesses related to this case are located in the Southern District of Colorado. Therefore, the defendants argue, for the convenience of the parties and

witnesses and in the interests of justice, this case should be transferred to the Southern District of Colorado. Acknowledging that this action could have been brought in the Southern District of Colorado, we turn to § 1404(a).

Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The burden is on the moving party to establish facts supporting a motion to transfer under this section. A balancing of proper interests must weigh heavily in favor of the transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Four factors to be weighed by this Court are: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses and (4) practical considerations which will make trial of a case easy, expeditious and inexpensive. *PPG Industries, Inc. v. Systonetics, Inc.*, 614 F.Supp. 1161, 1163 (W.D.Pa. 1985).

Plaintiff's choice of forum in this case is the Western District of Pennsylvania. This choice is proper as plaintiff resides within the district. 28 U.S.C. § 1391(e). As such, we are compelled to give great weight to plaintiff's choice. *Shutte v. Armco Steel Corp., supra.*

The second, third and fourth factors to be considered admittedly weigh in favor of transfer to Colorado, and normally might combine to require a transfer of this case despite plaintiff's forum selection. *See Sporalich v. United States*, 471 F.Supp. 440 (W.D.Pa.1979).

However, we believe that general consideration of "the interests of justice" required by § 1404(a) weigh against transfer. Plaintiff, in addition to appearing *pro se,* has been granted leave to proceed *in forma pauperis.* Consequently, we believe

that transfer of this case to Colorado might, in effect, deny plaintiff any opportunity for relief, as plaintiff may not be financially able to pursue his claims in Colorado. We conclude, therefore, that interests of justice require us to deny defendants' motion for change of venue.

AND NOW, to-wit, this 10th day of February, 1987, for the reasons set forth above, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendants' Motion for Change of Venue be and hereby is DENIED.