Sheila M. BOLAR, Plaintiff–Appellant,

v.

Anthony M. FRANK, Postmaster General of the United States Postal Service, Defendant–Appellee.

No. 1699, Docket 91–6060.

United States Court of Appeals, Second Circuit.

Argued June 20, 1991.

Decided July 11, 1991.

**378**

Denny Chin, New York City, for plaintiff-appellant.

Tai H. Park, Asst. U.S. Atty., Southern District of New York, New York City (Otto G. Obermaier, U.S. Atty. for the Southern District of New York, Marla Alhadeff, Asst. U.S. Atty., Southern District of New York, New York City, of counsel), for defendant-appellee.

Before MESKILL, KEARSE and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Shelia M. Bolar appeals from a judgment of the United States District Court for the Southern District of New York, Patterson, J., dismissing her complaint against her former employer, the Postmaster General of the United States Postal Service (USPS), for lack of venue.

■ Bolar claims that the Southern District of New York is an appropriate venue for this handicap discrimination action under 28 U.S.C. § 1391(e) or, alternatively, that the action should be transferred to the Southern District of Ohio rather than be dismissed. The USPS cross-appeals, contending that the district court also should have dismissed the action due to Bolar's failure to exhaust administrative remedies in enforcing her administrative award. We first address the question of venue.

The competing venue provisions are 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e–5(f)(3). Section 1391(e) is a general venue provision. It permits a case to be brought against the federal government in the district where the plaintiff resides. Section 2000e–5(f)(3) was enacted two years after section 1391(e) and is part of Title VII

of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* The remedial and procedural provisions of Title VII, including section 2000e–5(f)(3), are incorporated in the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, under which Bolar brought this action. *See* 29 U.S.C. § 794a(a)(1). Section 2000e–5(f)(3) states:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Bolar concedes that, with respect to her lawsuit, the Southern District of New York does not satisfy any of the four bases for venue delineated in section 2000e–5(f)(3). If, however, section 1391(e) governs this action then Bolar, who currently resides in New York City, may bring her lawsuit in the Southern District of New York.

The relevant statutory language and case law convince us that section 2000e–5(f)(3) controls the question of venue in this instance. It is clear that section 1391(e) has its limitations. It applies to civil actions in which an agency of the United States is a defendant "except as otherwise provided by law." Section 2000e–5(f)(3), having been incorporated into the Rehabilitation Act, is one such law that "otherwise provide[s]." Moreover, venue for Bolar's right of action is circumscribed by the very statute that gives her the right to sue in the first place. *See Stebbins v. State Farm Mutual Automobile Ins. Co.,* 413 F.2d 1100, 1102–03 (D.C.Cir.) (per curiam) (applying section 2000e–5(f), not section 1391(c), to Title VII claim), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969). By incorporating section 2000e–5(f)(3), the Rehabilitation Act clearly evinces congressional intent that venue for ac-

tions brought under the Act be limited to district courts having a connection with the alleged discrimination. *See id.* Another provision of Title VII also supports this interpretation. Section 2000e–16(d) of Title VII states that "[t]he provisions of section 2000e–5(f) through (k) of this title, as applicable, shall govern" employment discrimination actions. The "shall govern" language is mandatory. As such, it undermines Bolar's point that Title VII does not refer specifically to the inapplicability of section 1391(e). Finally, given the conflict between the two statutes, well settled principles of statutory construction dictate that the later, specific venue provision (section 2000e–5(f)(3)) applies rather than the earlier, general venue provision (section 1391(e)).

Almost uniformly, courts considering this question have applied section 2000e–5(f)(3) to determine venue in employment discrimination actions premised on Title VII or, as in this case, the Rehabilitation Act. *See, e.g., Stebbins,* 413 F.2d at 1102–03; *Templeton v. Veterans Admin.,* 540 F.Supp. 695, 696–97 (S.D.N.Y.1982) (Title VII claim governed by section 2000e–5(f)(3), not section 1391); *Arrocha v. Panama Canal Comm'n,* 609 F.Supp. 231, 234–35 (E.D.N.Y.1985) (same); *Archuleta v. Sullivan,* 725 F.Supp. 602, 604 (D.D.C. 1989) (Rehabilitation Act claim controlled by section 2000e–5(f)(3) rather than section 1391). Attempting to parry this authority, Bolar cites two district court cases, *Eberhart v. Baker,* 652 F.Supp. 1475, 1476 (W.D.Pa.1987), and *Wright v. Columbia University,* 520 F.Supp. 789, 795 (E.D.Pa. 1981), in which the broader venue provisions of section 1391 were applied to employment discrimination actions. These cases deserve little weight, however. Neither of them acknowledges section 2000e–5(f)(3) or discusses the above case law.

■ Having determined that the venue provisions of section 2000e–5(f)(3) govern Bolar's claim, we must consider her alternative request. For the first time on appeal, she asks that rather than dismiss the action we transfer it pursuant to 28 U.S.C. § 1406(a). This request raises two questions. First, as an appellate court, do we have authority to transfer a case to a federal district court under section 1406(a)? Second, if we do, should we exercise that authority in this instance? The government, it bears note, has taken no position on the issue of our authority to transfer the action directly.

Section 1406(a) does not mention whether an appellate court may transfer an action to cure a venue defect. It only refers to a district court's authority to transfer a case to the appropriate judicial district. Other circuit courts, seeking to further judicial economy and the underlying policies of section 1406, have granted transfer requests to plaintiffs who did not make such a request before the district court. *See Cox Enterprises, Inc. v. Holt,* 691 F.2d 989, 990 (11th Cir.1982) (transferring case, which had been dismissed for lack of personal jurisdiction, to Northern District of Georgia pursuant to section 1406(a)); *cf. Dr. John T. MacDonald Foundation v. Califano,* 571 F.2d 328, 332 (5th Cir.) (in banc) (transferring appeal from administrative decision, which district court did not have jurisdiction to review, to the Court of Claims under former section 1406(c), which, like section 1406(a), made no reference to appellate courts), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978). Several circuit courts also have found an inherent power to transfer administrative review proceedings over which they have jurisdiction but not venue to other circuit courts. *See, e.g., Alexander v. C.I.R.,* 825 F.2d 499, 501–02 (D.C.Cir.1987) (per curiam) (holding that 28 U.S.C. § 1631, which authorizes transfer from a federal court without jurisdiction to a federal court with jurisdiction, did not implicitly revoke inherent power to transfer cases where venue is lacking); *Clark & Reid Co., Inc. v. United States,* 804 F.2d 3, 7 (1st Cir.1986) (holding that circuit court has " 'an inherent discretionary power to transfer the proceeding to another circuit in the interest of justice and sound judicial administration' " (quoting *Eastern Air Lines, Inc. v. CAB,* 354 F.2d 507, 510 (D.C.Cir.1965))); *Panhandle Eastern Pipe Line Co. v. Federal Power Comm'n,* 337 F.2d 249, 252 (10th Cir.1964)

(transferring petition for review of administrative decision from Tenth Circuit, which did not have venue, to Eighth Circuit, which did). *Cf. American Telephone & Telegraph Co. v. F.C.C.*, 519 F.2d 322, 325 (2d Cir.1975) (finding "inherent power to order" the transfer of a petition for review of an administrative decision, over which both it and another circuit had jurisdiction and venue, "in the interest of justice and sound judicial administration").

In accord with the functional purpose of section 1406(a)—"that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits," *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962)—and the interests of judicial economy, we hold that we have authority to transfer this matter directly to the Southern District of Ohio. Moreover, because Bolar might be time barred from initiating a new action in this matter, "the interest of justice" merits such a transfer.

One other issue warrants brief attention. The government also argued below that Bolar's claim should be dismissed because she had not exhausted her administrative remedies. The district court rejected this argument based in part on the government's failure to cite any supporting precedent. In its appellate brief, however, the government has cited one case, *Curtis v. Mosbacher*, 55 EPD ¶ 40,477 (p. 65,378), 1990 WL 78516 (D.D.C.1990), supporting its exhaustion argument. In view of the district court's inability to consider the *Curtis* case and of our decision to transfer this case to the Southern District of Ohio, we will vacate the district court's decision and thereby allow the Southern District of Ohio to consider the government's exhaustion defense in the first instance.

In sum, section 2000e–5(f)(3) governs venue of this employment discrimination claim. Venue of the action therefore does not lie in the Southern District of New York. Rather than dismiss Bolar's claim, however, we vacate the district court's judgment and transfer the case directly to the Southern District of Ohio. The South-

ern District of Ohio may thereafter consider the government's exhaustion defense.