Leroy H. JOHNSON, Jr.,
Plaintiff–Appellant,

v.

PAYLESS DRUG STORES NORTH-
WEST, INC., dba Wonder World, et al.,
Defendants–Appellees.

No. 90–16173.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 31, 1991.*

Decided Dec. 6, 1991.

---

\* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App.P. 34(a); 9th Cir. R. 34–4. Furthermore,
Johnson's emergency motion filed on October
10, 1991, requesting that this court render a
decision in this case within twenty-one days is
granted.

Leroy H. Johnson, Jr., Boston, Mass., for plaintiff-appellant.

Janet M. Schroer, Schwabe, Williamson & Wyatt, Portland, Or., for defendants-appellees.

Before FLETCHER, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

## PER CURIAM:

Leroy H. Johnson, Jr., appeals pro se the district court's dismissal without prejudice of his employment discrimination action against Payless Drug Stores Northwest, Inc. ("Payless"), which he brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

Johnson contends that the district court erred by dismissing his action without prejudice for lack of venue under 42 U.S.C. § 2000e–5(f)(3) because the Northern District of California is an appropriate venue under 28 U.S.C. § 1391. This contention lacks merit.

The relevant statutory language demonstrates that the venue provisions in section 2000e–5(f)(3) apply to this case. Section 2000e–5(f)(3) of Title VII provides in relevant part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice....

Section 1391, in contrast, is the general federal venue statute; its provisions apply in a civil action not founded solely on diversity of citizenship "except as otherwise provided by law." 28 U.S.C. § 1391(b).

Thus, it is clear that section 1391 "has its limitations." *Bolar v. Frank,* 938 F.2d 377, 378 (2d Cir.1991) (per curiam). "Moreover, venue for [Johnson's] right of action is circumscribed by the very statute that gives [him] the right to sue in the first place." *See id.* (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.,* 413 F.2d 1100, 1102–03 (D.C.Cir.) (per curiam) (applying section 2000e–5(f), not section 1391(c), to Title VII claim), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969)). Title VII also provides that "[t]he provisions of section 2000e–5(f) through (k) of this title, as applicable, shall govern" employment discrimination actions. 42 U.S.C. § 2000e–16(d). "The 'shall govern' language is mandatory." *Bolar,* 938 F.2d at 379. "Finally, given the conflict between the two statutes, well settled principles of statutory construction dictate that the later, specific venue provision (section 2000e–5(f)(3)) ap-

plies rather than the earlier, general venue provision (section 1391[b]))." *Id.*

Here, under section 2000e–5(f)(3), the Northern District of California was not the appropriate venue for this action. When the alleged employment discrimination occurred, Johnson was working for Payless in Las Vegas, Nevada; Payless maintains and administers its employment records for its Nevada employees in Las Vegas; and Johnson would have worked in Nevada but for the alleged unlawful employment practice. Thus, under section 2000e–5(f)(3), the District of Nevada was the appropriate venue for Johnson's action.[1] Accordingly, the district court did not err in dismissing Johnson's action without prejudice for lack of venue.

## II

In the alternative, Johnson contends that the district court should have transferred his action to an appropriate venue rather than dismiss it. This contention is meritless.

Johnson did not ask the district court to transfer his action. Indeed, in his response to the district court's order to show cause why the action should not be dismissed, Johnson stated that (1) "as far as bringing suit against the company in Oregon[,] [i]t simply will not be done and it isn't necessary," and (2) various events that had occurred in Nevada made "it a certainty that a suit will not be brought in Las Vegas." Therefore, under these circumstances, the district court did not abuse its discretion by dismissing the action without prejudice rather than transferring it sua sponte. *Cf. Wood v. Santa Barbara Chamber of Commerce,* 705 F.2d 1515, 1523 (9th Cir.1983) (justice would not be served by transferring claim to a jurisdiction that plaintiff purposefully sought to avoid), *cert. denied,*

465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984).

AFFIRMED.[2]

---

1. Johnson alleges that Payless maintains its employment records in Oregon, while Payless alleges that these records are maintained in Nevada. Thus, if Johnson were correct, it is possible that venue also might be appropriate in the District of Oregon. Nevertheless, venue clearly is not appropriate in the Northern District of California.

2. Appellees' request for attorney's fees on appeal is denied.