**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAURICE CORTEZ PROCTOR,
Plaintiff-Appellant,

v.                                                                                    No. 95-1937

MICHAEL J. MORRISSEY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-93-811-AM)

Argued: July 18, 1996

Decided: October 1, 1996

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Henry Mark Stichel, PIPER & MARBURY, L.L.P., Bal-
timore, Maryland, for Appellant. Michael J. Morrissey, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

This is a legal malpractice and fraud action brought under the diversity jurisdiction by a federal prison inmate against a lawyer who represented him at one time on the criminal charges that ultimately led to his incarceration. Largely but not wholly because both parties have proceeded pro se up until the taking of this appeal, the case is in a procedural muddle. Though the merits have not yet been reached, the case is before us now for the second time. It was originally dismissed by the district court, on the defendant's motion, for lack of personal jurisdiction. On the inmate plaintiff's pro se appeal from that dismissal we vacated and remanded with instructions to determine whether, under 28 U.S.C. § 1406(a), transfer should be made in the interest of justice to a district in which venue was proper and personal jurisdiction could be exercised. Upon that remand, the district court again dismissed the action without prejudice because the plaintiff failed to appear to move for transfer. Because that order was entered without proper notice to the inmate-plaintiff, we again vacate and remand, this time with instructions to transfer the case under 28 U.S.C. § 1406(a), to another, identified district.

I

The facts and procedural history of the case--as reflected in the pleadings and various motion papers constituting the present record-- are as follows.

In 1985, the appellant, Maurice C. Proctor, employed the appellee, Michael J. Morrissey, then licensed as an attorney by the Commonwealth of Virginia, to represent him in a pending federal criminal action in the United States District Court for the District of Maryland and, allegedly as well, in a pending state criminal action in the Circuit Court for Baltimore City. At that point Proctor indisputably paid Morrissey a retainer of not less than $25,000 and allegedly as much as $87,000 to represent Proctor and some of his co-defendants in both courts.

In the early stages of Morrissey's representation, it was revealed that he was not licensed to practice in Maryland and therefore was ineligible to represent Proctor in the state action. At about the same time, his further representation in the federal action was terminated by the United States District Court because of a found conflict of interest.

In that situation, Proctor sought to recover a portion of his retainer from Morrissey and to have Morrissey pay over a portion to Proctor's newly-employed counsel. The exact details of what then transpired are disputed by the parties, but the details are essentially irrelevant for our purposes. It is undisputed that Morrissey failed to make promised payments to Proctor's newly-retained counsel and, allegedly, to Proctor, and that in the course of his dealings with them he made misrepresentations of his intentions and of other facts relevant to his ability to pay. As a result of this conduct, Proctor lodged a complaint against Morrissey with the Virginia State Bar which resulted in findings by a district bar committee of misconduct which violated the state Code of Professional Responsibility and referral of the charges of misconduct to the State Bar Disciplinary Board. JA 33-35. While these administrative charges were pending, Morrissey visited Proctor in the federal prison where he was then imprisoned and prevailed upon him to drop the State Bar charges in return for Morrissey's representation of Proctor in collateral federal proceedings and (according to Proctor's complaint) Morrissey's promise to repay him retainer fees still owed. JA 12 (complaint); JA 73-74 (answer). According to Proctor's unrebutted assertion, Morrissey never made any payments to him thereafter and, when finally contacted after numerous failed efforts, reported that the charges pending before the State Bar had been dropped but that he was no longer a member of the Virginia bar and could not help Proctor. JA 27 (plaintiff's opposition to motion to dismiss for lack of jurisdiction).

Proctor then brought this action against Morrissey, alleging legal malpractice and fraud in his dealings with Proctor. Apparently having been given both Washington, D.C. and Alexandria, Virginia, addresses by Morrissey, see JA 14 (certificate of service), and assuming that as a member of the Virginia bar Morrissey was then a resident of Virginia, Proctor filed the action in the United States District Court for the Eastern District of Virginia, on June 18, 1993. Follow-

3

ing service of process upon Morrissey at the Washington, D.C. address that had been provided by Proctor as an alternative to the Alexandria, Virginia address, Morrissey entered a"special appearance" on July 30, 1993, to object to the personal jurisdiction of the district court. JA 22-23. While this jurisdictional objection was pending, Morrissey filed a motion to dismiss for failure to state a claim, JA 38-39, a "plea in bar" based upon Virginia's two-year statute of limitations applicable to fraud actions, Va. Code Ann. § 8.01-243 (Michie 1992 & Supp. 1996), JA 43-48, and, following an extension of time to plead, an answer which, inter alia , reasserted his jurisdictional objection, his objection that the complaint failed to state a claim, and his statute of limitations defense. JA 70-76. In his jurisdictional objections, Morrissey asserted that when the action was filed on June 18, 1993, he did not reside anywhere in Virginia, but had at all times since 1988 continuously resided in Washington, D.C. JA 22, 71.

When Morrissey's several motions came on for hearing, the district court, accepting Morrissey's uncontested assertion that he was not a resident of Virginia when the action was commenced, dismissed the action without prejudice "because of lack of jurisdiction." JA 77 (order); 80 (Tr).

On Proctor's pro se appeal, we vacated and remanded. Our per curiam opinion concluded:

> Because the district court failed to consider its authority [under 28 U.S.C. § 1406(a)] to transfer this case, we vacate the order dismissing this action and remand to the district court with instructions to determine whether transfer of this case is in the interest of justice.

No. 93-2570 (4th Cir. Jan. 6, 1995).

Upon remand, the district court entered an order on March 10, 1995, which

> ORDERED that counsel appear before this Court on Friday, March 31, 1995, at 10:00 a.m., for the purpose of deter-

4

mining and scheduling any further proceedings in this matter.

No further notice of the nature of the March 31 proceeding was provided either party, and neither party made any submissions to the court before the scheduled time for the conference. Morrissey appeared in person at the March 31 proceeding; Proctor, still incarcerated, neither appeared nor made any written submission. After hearing an oral submission by Morrissey in which he urged dismissal of the action, the district court, having earlier noted that Proctor "is not back here today asking for a transfer" ruled from the bench that

> The thing was sent back here to consider transfer and I have considered transfer. The plaintiff hasn't asked for a transfer. And I am going to again dismiss this thing without prejudice. And if he wants to file it in Maryland, he can.

JA 6,7. An order to that effect was entered, and this appeal by Proctor followed. Because of the important procedural questions raised in a case having colorable merit on the record now before us, we appointed counsel for Proctor and directed briefing and oral argument of the appeal.

II

Proctor challenges on two grounds the district court's order again dismissing the action without prejudice for lack of personal jurisdiction. He first contends that in doing so the court failed to follow this court's mandate which, he claims, required the court to consider and determine the question of transfer without regard to whether Proctor affirmatively sought it. His second contention is that the order was entered without proper notice to him that dispositive action might be taken at the conference scheduled for March 31, 1995. We consider these in turn.

A.

As Proctor points out, our remand did not expressly nor by necessary implication condition consideration of the propriety of a

5

§ 1406(a) transfer on Proctor's seeking it by motion or otherwise. And, as he further notes, when in the past we have intended to condition the consideration of such a transfer on party request for it, we have known how to say so. See, e.g., Chung v. NANA Dev. Corp., 783 F.2d 1124, 1130 (4th Cir.) ("case is remanded to afford [plaintiff] an opportunity to move for transfer . . ."), cert. denied, 479 U.S. 948 (1986); City of Virginia Beach v. Roanoke River Basin Ass'n, 776 F.2d 484, 489 (4th Cir. 1985) ("On remand, the district court should either dismiss . . . or entertain a motion to transfer . . ."); O'Neal v. Hicks Brokerage Co., 537 F.2d 1266, 1268 (4th Cir. 1976) ("case is remanded to afford the appellants an opportunity to move for transfer . . ."). Here, he therefore claims, our mandate on remand could only be read to require consideration and ruling on the propriety of transfer without regard to whether Proctor formally sought it. And, because lower courts must be held to compliance with such clear and unequivocal mandates, see, e.g., Stamper v. Baskerville, 724 F.2d 1106, 1107 (4th Cir. 1984), the district court's failure to comply with the mandate here requires vacatur of the dismissal.

We believe vacatur on that basis alone would not be warranted here. While our remand did not expressly condition the court's consideration of transfer on formal party request for it, neither did it expressly require consideration sua sponte. That too could have been made explicit, but was not. Under the circumstances, we think that in deference to the special difficulties posed for district courts in handling the claims of incarcerated pro se civil litigants, we should not by finding legal error here require sua sponte consideration of action favorable to such litigants in the absence of an express direction to that effect. By this, we do not mean to suggest that sua sponte consideration would not have been the wiser course here, only that we are not prepared to find it legally compelled under the circumstances.

B.

That leaves the question whether the dismissal order was nevertheless improperly entered because of the lack of proper notice to Proctor. We hold that it was.

The only notice given Proctor, either by the district court or Morrissey, of the nature of the March 31, 1995, proceeding was the

6

court's order identifying its purpose to be that of "determining and scheduling any further proceedings in this matter." No dispositive motions were noticed for hearing; nor was it indicated that the propriety of transfer would be considered pursuant to this court's mandate on remand. Under the circumstances, it was error for the court to dismiss the action, though without prejudice, for lack of personal jurisdiction. The entitlement of pro se litigants to specific notice of the pendency of proceedings in which dispositive action may be taken is established in the summary judgment context by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (required notice by court), and, more generally, in respect of the pendency of "any dispositive or partially dispositive motion," by Local Rule 11(M) of the Eastern District of Virginia (required notice by moving party). We think the principle so established must be applied here. In the absence of any such notice here by either the court or Morrissey as moving party, the district court's order dismissing the action was prejudicially erroneous and must, on that account, be vacated.

III

There remains the question of the appropriate remedy. There are two basic options. We might again remand to the district court, this time with a more explicit mandate for consideration--upon proper notice--of the propriety of transfer. We conclude, however, that under the circumstances, that is neither necessary nor in the interests of justice. Considerations of judicial economy warrant instead our determining the propriety of transfer directly and entering an appropriate mandate reflecting our determination. The record on appeal is adequate to allow us to do so without further factual development, and authority for doing so is provided by 28 U.S.C.§ 2106 under which in exercise of our appellate remedial powers we may "direct the entry of such appropriate . . . order . . . as may be just under the circumstances." See also Bolar v. Frank, 938 F.2d 377, 379-80 (2d Cir. 1991) (appellate court may transfer directly).

Under 28 U.S.C. § 1406(a), when a case is filed "laying venue in the wrong division or district," a transfer to "any district or division in which it could have been brought" may be ordered, as an alternative to dismissal, "if it be in the interest of justice." We have long interpreted that statute to authorize transfer where personal jurisdic-

7

tion is lacking, even though venue might be properly laid. <u>Porter v. Groat</u>, 840 F.2d 255, 257-58 (4th Cir. 1988) (transfer authorized where personal jurisdiction lacking and venue improperly laid) (relying upon <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466-67 (1962).

Here, by Morrissey's admission, he was a resident of the District of Columbia when this action was filed and when he was served there with process. The District of Columbia district was, therefore a district in which the action properly "could have been brought" to obtain personal jurisdiction. <u>See</u> D.C. Code Ann.§ 13-422 (1996) (domiciliaries amenable to personal jurisdiction "as to any claim for relief"). Hence, it is a district to which, under § 1406(a), transfer might be made, "if it be in the interest of justice." And, we conclude that it would be "in the interest of justice" to order transfer here rather than to dismiss the action for lack of personal jurisdiction--for the following reasons.

Of first importance is the fact that by providing an equitable tool for avoiding, where fairly possible, the procedural impediments of improper venue and defects in personal jurisdiction,§ 1406(a) reflects a fundamental policy favoring adjudications on the merits over dismissals on those grounds. <u>Porter</u>, 840 F.2d at 257-58. Of next importance is the fact that Proctor's mistake in filing in the Eastern District of Virginia is an excusable one under the circumstances. He filed there in the reasonable belief that Morrissey, for whom he had an Alexandria, Virginia, address, was then a resident of Virginia. <u>Cf</u>. <u>Nichols v. G.D. Searle & Co.</u>, 991 F.2d 1195, 1202 (4th Cir. 1993) (no abuse of discretion in denying transfer where plaintiff's attorney should have foreseen that personal jurisdiction could not be obtained). Finally, and most critically, though the district court's dismissal on jurisdictional grounds was "without prejudice," its practical effect could be loss of the claim on the Virginia statute of limitations defense that Morrissey has raised. Virginia law does not provide for automatic tolling of limitations periods during a claimant's incarceration. <u>See Almond v. Kent</u>, 459 F.2d 200, 203 (4th Cir. 1972). And, Morrissey contends that neither is equitable tolling available under Virginia law to defeat the statute's bar here. To weigh the justice of ordering transfer here, it is not necessary that we address the merits of the limitations questions thus raised under Virginia law; it suffices that they have been raised and might, for all that now appears, suc-

8

ceed. No comparable procedural bar would exist in the District of Columbia district, for under District of Columbia law, which would apply were transfer ordered, see Steorts v. American Airlines, Inc., 647 F.2d 194, 197 (D.C. Cir. 1981), the applicable limitations period would be tolled during Proctor's incarceration. See D.C. Code § 12-302(a)(3) (1996); Brown v. Jonz, 572 A.2d 455, 456-57 (D.C. 1990) (limitations period for malpractice claim against lawyer tolled during plaintiff's incarceration). This suffices to warrant, in the interest of justice, a transfer to the United States District Court for the District of Columbia where, per 28 U.S.C. § 1406(a), it"could have been brought." See Porter, 840 F.2d at 258 (transfer ordered to avoid limitations bar).

Accordingly, we will vacate the district court's order dismissing the action for lack of personal jurisdiction and remand with instructions to transfer the action to the United States District Court for the District of Columbia for further proceedings in that court.*

SO ORDERED

_____

*By ordering transfer, we imply no view on the merits of Proctor's claim or Morrissey's limitations or other pleaded defenses. Nothing more is implicit in our determination that transfer is warranted than that, as earlier noted, the claim is sufficiently colorable (not facially frivolous) that its fair prosecution in a proper federal forum should be allowed.

9