**Maurice Cortez PROCTOR, Plaintiff,**

v.

**Michael J. MORRISSEY, Defendant.**

**Civil Action No. 96–2627(SS).**

United States District Court,
District of Columbia.

Sept. 29, 1997.

Richard J. Leveridge, Thomas Winthrop Mack, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Washington, DC, for plaintiff.

Maurice C. Proctor, Sr., Lewisburg, PA, pro se.

Michael J. Morrissey, Richmond, VA, Pro se.

## MEMORANDUM OPINION

SPORKIN, District Judge.

### INTRODUCTION

Before the Court are the defendant's "Motion in Opposition to Plaintiff's Amended Complaint" and "Objection to Jurisdiction[,] Assertion of the Statute of Limitations Bar[,] and Motion to Dismiss," filed in the above-captioned case on August 14, 1997. The plaintiff has opposed the actions requested by the defendant. Upon consideration thereof, and based on the entire record herein and the law applicable thereto, the Court will deny the defendant's various requests.

### BACKGROUND

On June 18, 1993, plaintiff, acting *pro se*, filed suit in the United States District Court for the Eastern District of Virginia. The Complaint alleged legal malpractice and fraud, based on allegations that the defendant failed to provide legal representation to the plaintiff, for which the plaintiff had paid. The district court dismissed the suit without prejudice for lack of personal jurisdiction. On appeal, the Fourth Circuit vacated and remanded, instructing the district court to determine whether, under 28 U.S.C. § 1406(a), transfer should be made to a district in which personal jurisdiction could be exercised and venue would be proper.

On remand, the district court dismissed the action without prejudice on the ground that the plaintiff failed to appear at a scheduling conference to move for a transfer. Holding that the district court failed to properly notify the plaintiff that dispositive action might be taken at the scheduling conference, the Fourth Circuit again vacated and remanded—this time with specific instructions to transfer the action to the District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a). The Fourth Circuit noted that the defendant was a resident of the District of Columbia when the action was filed and when the defendant was served there with process. *Proctor v. Morrissey*, 97 F.3d 1448, 1996 WL 555302, at *5–6 (4th Cir.1996).

On November 27, 1996, Judge Richey, who at that time presided over this case, appointed counsel to represent plaintiff *pro bono publico*. On January 16, 1997, plaintiff filed a Motion for Leave to File a First Amended Complaint, which the Court granted on January 17, 1997. The Amended Complaint alleged breach of contract, fraud, breach of fiduciary duty, unjust enrichment, and conversion.

On January 29, 1997, the Court held a scheduling conference. At that time, the defendant made an oral motion to dismiss the case for lack of jurisdiction, which was denied. In an Order dated January 31, 1997, the Court set a trial schedule in the case.

On March 27, 1997, the Court entered default against the defendant because the defendant failed to plead or otherwise defend this action. The Court set a hearing on default judgment for April 15, 1997. After the hearing, at which the defendant failed to appear, default judgment was entered against the defendant.

On June 16, 1997, the defendant filed a motion under Rule 60, requesting relief from the default judgment, citing a family medical emergency. The Court, after hearing from the parties, granted the Rule 60 motion and vacated the default judgment. On July 8, 1997, the Court issued an order setting a schedule for trial.

On August 14, 1997, the defendant filed the instant motions, entitled "Defendant's Motion in Opposition to Plaintiff's Amended Complaint" and "Defendant's Objection to Jurisdiction[,] Assertion of the Statute of Limitations Bar[,] and Motion to Dismiss." The Plaintiff has opposed these motions.

### DISCUSSION

**I. DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S AMENDED COMPLAINT WILL BE DENIED.**

At the outset, the Court will address the defendant's allegation that the Court has given the plaintiff in this case "preferential treatment" by appointing *pro bono publico* counsel to represent him. Specifically, the defendant states that "the plaintiff has ... received preferential treatment by being pro-

vided with free legal counsel, despite the fact that this is a private civil action and not a criminal defense situation under the Criminal Justice Act where counsel for indigents is authorized." Def's Mot. in Opp. to Pl's Am. Compl. at n1.

■ The Court is specifically authorized by statute to request an attorney to represent any person unable to afford counsel in a case, civil or criminal, under 28 U.S.C. § 1915(e)(1). *See also* Local Rule 702 (Attorneys ... shall be required to assist or represent the needy in civil matters before this Court whenever requested by the Court and, if necessary, without compensation....). Based on the record, the Court found that the appointment of counsel was warranted in this case. Defendant is advised that the Court does not take allegations of bias lightly. For that reason, defendant is strongly counseled not to make unfounded accusations of "preferential treatment" by the Court.

Turning to the defendant's motion, defendant asserts that the First Amended Complaint contains causes of action and factual allegations that do not appear in the original Complaint. Thus, defendant requests that portions of the First Amended Complaint be stricken. There is no basis for this request.

■ Leave to amend a pleading "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1208–09 (D.C.Cir.1996). Plaintiff's original Complaint was filed *pro se*. The Court determined that it was in the interest of justice to permit the original Complaint to be amended with the aid of counsel. The additional causes of action in the First Amended Complaint arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]." *See* Fed.R.Civ.P. 15(c). The defendant has not shown any prejudice by virtue of the filing of the First Amended Complaint. *See Firestone*, 76 F.3d at 1208 (it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith, dilatory motives, or futility). Accordingly, defendant's motion will be denied.

## II. DEFENDANT'S MOTION OBJECTING TO JURISDICTION, ASSERTING THE STATUTE OF LIMITATIONS, AND TO DISMISS WILL BE DENIED.

### A. THE COURT PREVIOUSLY DENIED DEFENDANT'S MOTION TO DISMISS.

On January 29, 1997, during a scheduling conference before the Court, defendant moved orally to dismiss this action for lack of jurisdiction. The Court denied defendant's motion at that time.[1] *See Proctor v. Morrissey*, No. 96–2627 (D.D.C. Jan.31, 1997) (order). The instant motion sets forth no basis upon which the Court should reconsider its previous denial.

### B. DEFENDANT FAILED TO FILE HIS MOTION BY THE DATE ORDERED BY THE COURT.

■ On January 29, 1997, Morrissey requested and was granted an extension of time in which to respond to the First Amended Complaint. The Court subsequently ordered defendant to file any additional Rule 12 motions on or before February 13, 1997. Defendant failed to file any additional Rule 12 motions by that date. For this reason as well, defendant's present Rule 12 motion will be denied.

### C. THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT BECAUSE HE WAS A RESIDENT OF THE DISTRICT OF COLUMBIA AT THE TIME THE ACTION WAS INITIATED AND WAS PROPERLY SERVED WITH PROCESS IN THE DISTRICT OF COLUMBIA.

■ The Fourth Circuit transferred this action to this Court because, by defendant's

---

1. The Court indicated to the defendant at that time that his motion was frivolous and that the Court would consider sanctions if he were to renew his motion. Defendant should consider this his final warning that no further dilatory tactics will be tolerated in this case.

own admission, he was a resident of the District of Columbia when this action was filed and when he was served here with process.[2] *Proctor,* 1996 WL 555302, at *4. The Fourth Circuit found that this district was one in which this action "could have been brought" to obtain personal jurisdiction. *See* D.C.Code Ann. § 13–422 (1997) (District of Columbia court may exercise personal jurisdiction over domiciliary for any claim for relief). Because defendant was a domiciliary of the District of Columbia at the time this action was initiated, and was served with process here, this Court has personal jurisdiction over him. Accordingly, defendant's motion will be denied.

### D. DEFENDANT'S CLAIM IS NOT BARRED BY THE STATUTE OF LIMITATIONS.

■ The question whether an action is barred by the statute of limitations is procedural and is governed by the statute of limitations of the forum. *Steorts v. American Airlines, Inc.,* 647 F.2d 194, 197 (D.C.Cir. 1981). The District of Columbia statute of limitations applies in this action. *Accord Proctor,* 1996 WL 555302, at *5 (District of Columbia law, not the law of Virginia, applies to this action after transfer).

■ Under District of Columbia law, the statute of limitations period is tolled during an individual's incarceration. D.C.Code § 12–302(a)(3); *Brown v. Jonz,* 572 A.2d 455, 456–57 (D.C.1990) (limitations period for legal malpractice tolled during plaintiff's incarceration). The limitations period on plaintiff's claims was tolled pursuant to D.C.Code § 12–302(a)(3) due to his imprisonment at the time his cause of action accrued. *See Brown,* 572 A.2d at 456–57. For this reason, the defendant's motion will be denied.

### CONCLUSION

Based on the foregoing, the defendant's motions will be denied. The Court will issue an Order of even date herewith, consistent with the foregoing Memorandum Opinion.

---

**2.** Defendant complains that the plaintiff knew he lived in the District of Columbia and that the Fourth Circuit was unaware of this fact. On the contrary, the Fourth Circuit stated that Proctor was aware of Morrissey's Washington, D.C. address, but filed this action in Virginia believing that he was a Virginia resident because he was a member of the Virginia bar. *See Proctor v. Morrissey,* 1996 WL 555302, at *2 (4th Cir.1996).