Newton A. PHILLIPS,

v.

Robert E. RUBIN.

No. CV–N–98–353–ECR(RAM).

United States District Court,
D. Nevada.

Aug. 19, 1999.

Paul Yohey, Reno, David G. Spivak, Wendy Jan, Beverly Hills, CA, for Plaintiff.

Ruth L. Cohen, Assistant U.S. Attorney, Las Vegas, NV, for Defendant.

## MINUTE ORDER IN CHAMBERS

EDWARD C. REED, Jr., District Judge.

The Court now considers the motion to dismiss (# 46), filed on June 4, 1999, by Defendant Robert E. Rubin, Secretary of the Treasury. Plaintiff filed an opposition to the motion (# 48) on June 11, 1999, and Defendant replied (# 49) on June 23, 1999. For the reasons given below, the motion will be denied.

Plaintiff, an agent for the United States Customs Service, worked in Southern California for approximately 23 years. He applied for numerous jobs at the GS–14 level within the Customs Service and was not selected for any of these positions. Plaintiff, who is Mexican–American, as-serts that he was discriminated against on the basis of national origin. In addition, he claims that the Customs Service discriminated against him by failing to address his legitimate safety concerns and requests for transfer following threats on his life. Plaintiff also claims that he was forced to accept reassignment to the Office of Investigations before he could transfer from the San Diego area. Finally, Plaintiff alleges that the Customs Service discriminated against him during the process of his eventual transfer to Reno, Nevada. Plaintiff also claims hostile work environment and retaliation.

Plaintiff filed this action (# 1) on June 19, 1998. Defendant filed an answer (# 17) on November 13, 1998. Defendant filed the instant motion to dismiss for improper venue pursuant to Rule 12(b)(3) on June 4, 1999.[1]

■ In his complaint, Plaintiff claimed venue was proper in this district under the general venue statute, 28 U.S.C. § 1391. However, in Title VII cases, the general venue statute does not apply; rather, the more specific venue provision found at 42 U.S.C. § 2000e–5(f)(3) controls. *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586 (9th Cir. 1991). Plaintiff must proceed under this specific venue statute.

Section 2000e–5(f)(3) provides, in relevant part: Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged

1. Defendant also brings the instant motion to dismiss under Rule 12(b)(6), but Defendant does not argue that the complaint fails to state a claim upon which relief can be granted, apart from the contention as to sovereign immunity, which will be discussed below.

unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). In his opposition to the motion to dismiss, Plaintiff asserts that venue in this district does indeed satisfy the requirements of the specific venue provision of Title VII. Namely, Plaintiff argues that the District of Nevada is the district where Plaintiff "would have worked" but for any discrimination. Plaintiff rests this assertion on the claim that his complaint included the allegation that Defendant discriminated against him by making his transfer to Nevada difficult. However, even if this particular claim can be read into the complaint, the action complained of does not rise to the level of discrimination, since it does not involve any "adverse employment action" suffered by Plaintiff. Plaintiff did in fact transfer to Nevada, and has not alleged that he suffered any particular harm in connection with the transfer. Therefore, his claim of discrimination in connection with the transfer cannot stand as the basis for venue in this district.

Plaintiff also claims, however, that he was forced to accept reassignment to the Office of Investigations before he was allowed to transfer out of the San Diego area. It is not clear where Plaintiff would have worked had this alleged discrimination not occurred, but there is no indication that he would have located to Nevada had he continued to work for Internal Affairs.

Plaintiff also claims discrimination in light of the fact that he applied for numerous positions within the Customs Service in various locations outside the San Diego area, but was never hired for any of those positions. If the alleged discrimination had not occurred, Plaintiff would have worked in one of these other locations, not in Nevada. In addition, Plaintiff alleges discrimination under the theory of hostile work environment. In this instance, had the alleged discrimination not taken place, Plaintiff would have continued to work in southern California. Again, Plaintiff would not have worked in Nevada even if the alleged discrimination had not occurred.

Finally, the alleged discrimination did not occur in Nevada, and the administrative records associated with this case are not located in Nevada. Therefore, venue is not proper in this district.

However, Defendant has waived improper venue in this case. Defendant filed an answer on November 13, 1998. The answer does not raise the issue of improper venue. In addition, Defendant did not bring any pre-answer motion pursuant to Rule 12 which raised the issue. The defendant in a civil case must raise improper venue either by motion under Rule 12(b)(3), or by affirmative defense in the answer, if no Rule 12 motion has been filed.

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [consolidation of defenses in Rule 12 motion], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Federal Rule of Civil Procedure 12(h)(1). *See also* Rule 12(b) (Rule 12 motion must be made before answer). Thus, any impropriety of venue is waived by the defendant who answers without challenging venue. In this case, because Defendant filed an answer without challenging venue, improper venue has been waived.

■ Defendant makes* the novel argument that the United States has not waived sovereign immunity under Title VII with respect to suit in an improper venue. In making this argument, Defendant characterizes the procedural requirements of Title VII as conditions of the waiver of sovereign immunity by the United States.

To put it another way, Defendant argues that the waiver of sovereign immunity does not extend to actions in which the plaintiff has not complied with the venue requirements of Title VII. Under this construction, compliance with the specific venue requirements of Title VII becomes an essential condition of the waiver of sovereign immunity. Since the federal courts have no jurisdiction over suits against the United States where the United States has not waived sovereign immunity, Defendant concludes that venue in suits brought under Title VII (and, by implication, all suits against the United States) must be seen as jurisdictional. Consequently, in Defendant's view, venue defects in Title VII suits against the United States cannot be waived.

Defendant's argument has no merit. Section 2000e–16 of Title 42 of the United States Code clearly waives the sovereign immunity of the United States by bringing most federal employees within the protection of Title VII. Section 2000e–5, subsections (f) through (k), sets out rules of jurisdiction, procedure and enforcement in civil actions against private employers. Section 2000e–16(d) makes these provisions applicable in actions against the federal government. Subsection (f) includes the specific venue provision identified above. Thus, Congress imposed no explicit venue requirement on Title VII plaintiffs who sue the federal government. Rather, the venue provision which governs in actions against private employers similarly governs in suits brought against the United States by federal employees. The clear implication here is that Congress intended that the federal government be treated no more favorably than any private employer in suits under Title VII.

More significantly, venue is not jurisdictional. *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir.1978). Venue is the privilege of the defendant, and as such, may be waived. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); *Neirbo Co. v. Bethlehem Ship-building Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939).

The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition.

*Neirbo*, 308 U.S. at 167–68, 60 S.Ct. 153. Like any other defendant, the United States (and its agencies) may waive improper venue by failing to make timely objection. *See* 28 U.S.C. § 1406(b) ("Nothing in this chapter [Chapter 87, including 28 U.S.C. § 1391(e), concerning an officer or employee of the United States or any agency thereof as defendant, and 28 U.S.C. § 1402, concerning the United States as defendant] shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."). The United States has explicitly consented to be sued under Title VII and has established requirements for suit which include the venue statute cited above. 42 U.S.C. § 2000e–16. As part of the waiver of sovereign immunity, these requirements must be given strict interpretation. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, the issue of strict construction goes to the question of whether the venue requirement has been met, not the question of waiver. Here, the venue requirement has not been met, but Defendant failed to make timely objection. Defendant has thus waived any objection to venue.

Defendant urges the Court to transfer this case in the event that the Court denies the motion to dismiss. This request does not meet the requirements of a motion for transfer of venue under 28 U.S.C. § 1404(a), and the Court declines to construe it as such.

*IT IS, THEREFORE, HEREBY OR-DERED* that Defendant's motion to dismiss (# 46) is *DENIED.*