**Jonathan ELFAND, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

No. 05–0071–CV.

United States Court of Appeals, Second Circuit.

Jan. 3, 2006.

Jonathan Elfand, Otisville, NY, for Petitioner–Appellant, pro se.

Artemis Lekakis, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Respondent–Appellee.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** and **TRANSFERRED** in part.

Jonathan Elfand ("Elfand") appeals a November 24, 2004, order and decision of the United States District Court for the Eastern District of New York (Johnson, J.) granting Respondent–Appellee's ("Respondent") motion to dismiss and denying Elfand's motions. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Elfand filed a motion pursuant to what is currently Fed.R.Crim.P. 41(g) and 5 U.S.C. § 702 for return of property seized by the Drug Enforcement Administration in San Diego, California. On appeal, Elfand contends that the district court erroneously dismissed his request for the return of a BMW automobile, approximately $28,000.00 in cash, and a residence in Brooklyn New York. We find that the district court correctly dismissed Elfand's claim to the automobile and the residence, but it erred in dismissing his claim to the cash. Instead of remanding this to the district court, we exercise our discretion to grant Respondent's request and transfer this case, under 28 U.S.C. § 1406(a), to the Southern District of California, the court in which venue is proper pursuant to Fed.

R.Crim.P. 41(g). *See Bolar v. Frank*, 938 F.2d 377, 380 (2d Cir.1991) (transferring the case on appeal directly to a district court in which venue properly lies).

## I. The Automobile

■ Both Fed.R.Crim.P. 41(g) and 5 U.S.C. § 702 permit specific relief in the form of returned property, but they do not permit recovery of money damages. This means that the United States has waived sovereign immunity as to such property, which constitutes specific, equitable relief. *Adeleke v. United States*, 355 F.3d 144, 150–51 (2d Cir.2004). However, it has not waived sovereign immunity regarding actions for money damages sought in lieu of the property. *Id.* at 151. Thus, when such property is unavailable, we lack jurisdiction to order the United States to pay money damages because such awards are barred by sovereign immunity. *Id.* Because Elfand's car was sold and is therefore unavailable, his claim for reimbursement based on the value of the car constitutes a request for money damages, which is barred by sovereign immunity. *See Bowen v. Massachusetts*, 487 U.S. 879, 894, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *Adeleke*, 355 F.3d at 151.

## II. The $28,020.85 in cash

■ Although sovereign immunity precludes claims for money damages, it does not necessarily bar all claims for monetary awards. *Bowen*, 487 U.S. at 895, 108 S.Ct. 2722. "Thus, while in many instances an award of money is an award of damages, '[o]ccassionally a money award is also a [specific] remedy.'" *Id.* (quoting D. DOBBS, HANDBOOK ON THE LAW OF REMEDIES 135 (1973)). The fact that one party is required to pay another does not in itself render the monetary award "money damages." *Bowen*, 487 U.S. at 895, 108 S.Ct.

2722. The distinction is that "[d]amages are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies 'are not substitute remedies at all, but [an] attempt to give the plaintiff the very thing to which he was entitled.'" *Id.* (quoting D. DOBBS, *supra*).

Elfand's claim for return of the money that was seized thus seems more like specific performance rather than money damages and should not be barred by sovereign immunity. However, the United States claims that the cash is no longer available, within the meaning of *Adeleke*, because it has been deposited or transferred, thus any money awarded to Elfand would constitute reimbursement and therefore forbidden money damages. The district court apparently assumed, *sub silentio*, that depositing or transferring money to another arm of the government renders it "unavailable." However, it provides no case law supporting this position. Upon transfer, the Southern District of California should consider whether indeed depositing cash renders it unavailable within the meaning of *Adeleke* such that returning Elfand's funds constitutes money damages rather than specific performance. *See Billing v. Credit Suisse First Boston Ltd.,* 426 F.3d 130, 172 (2d Cir. 2005) (remanding so that the district court could address an issue in the first instance in light of the resolution on appeal of a related issue).

## III. The Residence: 260 Moore Street, Brooklyn, NY

Elfand admits that he was served process regarding the residence. However, he argues that this was insufficient to provide him with notice that this residence, which he alleges is his, was subject to forfeiture. Despite Elfand's arguments to the contrary, serving Elfand with these documents sufficed to give Elfand notice

reasonably calculated to apprise him of the forfeiture proceedings. *See Toure v. United States,* 24 F.3d 444, 446 (2d Cir.1994). Thus, the district court correctly concluded that Elfand could have raised his claim to the property in the forfeiture proceeding, and he is therefore barred from re-litigation by *res judicata. Legnani v. Alitalia Linee Aeree Italiane, S.p.A.,* 400 F.3d 139, 141 (2d Cir.2005).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED** in part and **VACATED** and **TRANSFERRED** in part.