PSYCHIATRIC INSTITUTE OF
WASHINGTON, D.C., INC.,
Plaintiff,

v.

Carmen G. JOHNSON, Defendant
and Third–Party Plaintiff,

v.

United States of America, Third–
Party Defendant,

and

Fairfax County, Virginia, Third–
Party Defendant.

Civil Action No. 94–2159 (JR).

United States District Court,
District of Columbia.

Oct. 9, 1996.

Order Amending Decision on Grant of
Reconsideration and Clarification
Oct. 28, 1996.

Douglas G. Wadler, Carnot, Zapor & Klassen, P.C., Rockville, MD, for Plaintiff.

Robert E. Richardson, and Linda S. Andersen, Washington, DC, for Defendant Johnson.

**6**

Sherri L. Evans, Assistant U.S. Attorney, Washington, DC, for Third–Party Defendant United States of America.

Robert M. Ross, Fairfax, VA, for Third–Party Defendant Fairfax County, Virginia.

## MEMORANDUM

ROBERTSON, District Judge.

This case began as a simple action to collect a bill for medical services but now involves third party defendants and raises issues of jurisdiction and equity that are not so simple. The court that may have jurisdiction to get the bill paid appears to be the U.S. Claims Court, and for that reason the defendant's third-party claim for insurance coverage will be transferred there. Equitable issues have arisen in this court relating to the conduct of Fairfax County, Virginia, however, and those issues will be dealt with here.

## BACKGROUND

On April 3, 1990, the Department of Human Development of Fairfax County, Virginia ("Fairfax County") removed Carmen Johnson's son Nathaniel from her care, custody and control and placed him in psychiatric treatment at the residential facility operated by plaintiff Psychiatric Institute of Washington, D.C. Nathaniel's two-month admission resulted in a medical bill of $62,483.44.

Ms. Johnson was an active duty enlisted member of the U.S. Army at the time. As her dependent, Nathaniel had health care coverage under the Civilian Health and Medical Program of the uniformed Services (CHAMPUS). Psychiatric Institute accordingly presented its bill to CHAMPUS, and CHAMPUS made partial payment. When CHAMPUS learned that Nathaniel had been in the custody of Fairfax County and not in Ms. Johnson's custody during his treatment, however, it rescinded its payment, taking the position that the Psychiatric Institute's bill was not within CHAMPUS coverage.

Psychiatric Institute then turned to Fairfax County for payment. Fairfax County demurred, apparently on the theory that, under Virginia law, Ms. Johnson was liable for the health care of her son, regardless of whose custody he was in. Acting upon that theory, on May 13, 1992, Fairfax County obtained a judgment against Ms. Johnson in the Fairfax County Juvenile and Domestic Court in the amount of $132,049.44 for the cost of Nathaniel's care and support. The Psychiatric Institute bill was included in the amount of that judgment, although Fairfax County paid nothing to the Psychiatric Institute. The judgment remains of record. Fairfax County has taken no steps to obtain satisfaction.

On April 11, 1993, having been turned away by both CHAMPUS and Fairfax County, Psychiatric Institute sued Ms. Johnson for payment of its bill. The complaint, filed in D.C. Superior Court, set forth claims for breach of contract and *quantum meruit* and demanded $62,483.44 for medical services and $9,372.52 for attorneys' fees. Ms. Johnson was found to be eligible for court-appointed counsel. On September 9, 1994, acting through appointed counsel, she filed a third-party complaint against the United States and Fairfax County, setting forth claims for breach of contract (against the United States) and negligence (against both the United States and Fairfax County).

The United States then removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446, and moved to dismiss Ms. Johnson's third-party complaint for lack of subject matter jurisdiction citing 28 U.S.C. § 1346(a)(2). The United States argues that exclusive jurisdiction of Ms. Johnson's claim against CHAMPUS resides in the Claims Court pursuant to 28 U.S.C. § 1631. As for the negligence claim, the United States asserts failure to comply with F.R.Civ.P. 8(a)(2)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fairfax County moved to dismiss and for summary judgment on Ms. Johnson's third-party complaint, arguing *inter alia* that any issue between Ms. Johnson and the County is precluded by the 1992 Juvenile and Domestic Court judgment against Ms. Johnson. And Ms. Johnson moved under F.R.Civ.P. 60(b) for an order relieving her from the Virginia judgment.

## DISCUSSION

The Psychiatric Institute and Ms. Johnson now agree that Ms. Johnson's claim against CHAMPUS should be transferred to the U.S. Claims Court, and such a transfer will be ordered. First, however, the issues raised by Ms. Johnson's amended third-party complaint against Fairfax County and Fairfax County's interposition of the 1992 state court judgment must be sorted out.

■ The Fairfax County judgment against Ms. Johnson was premised on a finding that she owed Fairfax County for the support of her son, pursuant to Va.Code § 16.1–290 (1988). The cited Code section provides as follows:

> Whenever legal custody of a juvenile is vested by the court in someone other than his parents, or whenever a juvenile is placed in temporary shelter care regardless of whether or not legal custody is retained by his parents, after due notice to the parents or other persons legally obligated to care for and support the juvenile, and after an investigation and hearing, the court shall order and decree that the parent or other legally obligated person shall pay, in such a manner as the court may direct, *a reasonable sum commensurate with the ability to pay*, that will cover in whole or in part the support and treatment of the juvenile after the decree is entered.

Ms. Johnson asserts that the Virginia judgment was issued without any inquiry as to her finances and Fairfax County has not disputed that assertion. The order contains no finding that $132,049.44 would be a "reasonable sum commensurate with [her] ability to pay." [1] The judgment is thrown into further question by Fairfax County's reliance on Va.Code § 63.1–251, which provides:

> Any *payment* of public assistance money made to or for the benefit of any dependent child or children or their caretaker creates a debt due and owing to the [Fairfax County Human Services] Department by the person or persons who are responsi-

ble for support of such children or caretaker *in an amount equal to the amount of public assistance money so paid.* (Emphasis added.)

Fairfax County has not paid any money to Psychiatric Institute.

It thus appears that the "investigation and hearing" apparently required by Va.Code § 16.1–290 was never held, that no consideration was given to what would have been a "reasonable sum commensurate with [Ms. Johnson's] ability to pay," and that there was no "payment of public assistance money" creating a debt under Va.Code § 63.1–251.[2] Conditions accordingly exist that would support an order under F.R.Civ.P. 60(b) relieving Ms. Johnson from the Virginia judgment.

■ Ms. Johnson has now moved for such relief. "[I]t is well settled that aside from statutory inhibitions federal courts have power to ... grant appropriate relief from a state judgment when warranted by equitable principles and the elements of equitable and federal jurisdiction are present." 7 *Moore's Federal Practice* 2d ed. ¶ 60.39[1] and cases there cited.

■ The "elements of ... federal jurisdiction" are surely present here. Ms. Johnson's amended complaint recites two counts against Fairfax County that apparently arise under the laws of the United States: failure to consider, investigate, or make findings regarding Ms. Johnson's health insurance coverage or her ability to pay support, in violation of the Adoption Assistance and Child Welfare Act (1980), 42 U.S.C. § 652, the regulations issued thereunder, 45 C.F.R. §§ 302.56(c); and failure to determine Nathaniel's Medicaid eligibility pursuant to 42 U.S.C. § 1396s(a)(3), made applicable to Fairfax County by operation of the state eligibility provisions in the Adoption Assistance and Child Welfare Act (1980), 42 U.S.C. § 671 (1995).

Whether or not those assertions state claims against Fairfax County upon which relief may be granted, *see* F.R.Civ.P.

---

1. Ms. Johnson is now a health aid in a nursing home. She works 32 hours a week for minimum wage.

2. These factual propositions were put to the parties in this Court's memorandum issued December 12, 1995. They have not been controverted by Fairfax County.

12(b)(6), Ms. Johnson has successfully invoked the subject matter jurisdiction of this Court. *See Haase v. Sessions*, 835 F.2d 902 (D.C.Cir.1987). Fairfax County appeared and answered Ms. Johnson's claim and did not interpose the defense of lack of jurisdiction over the person. *See* F.R.Civ.P. 12(h)(1).

The "elements of equitable ... jurisdiction" to which Professor Moore makes reference, *see* 7 *Moore's Federal Practice* ¶ 60.39[1], n. 4, are present by operation of F.R.Civ.P. 60(b), which provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void; (5) ... it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

The Fairfax County Juvenile Court judgment against Ms. Johnson is probably void under Virginia law, because of the unexplained failures to investigate, hold a hearing, or consider Ms. Johnson's ability to pay, and because the judgment was purportedly issued to recoup payments that Fairfax County never made. *Cf. Combs v. Garin*, 825 F.2d 437, 442 (D.C.Cir.1987). It is unnecessary to declare the judgment void, however, because the circumstances presented here make it so clear that "it is no longer equitable that [it] should have prospective application." Fairfax County has never attempted to execute on the judgment, and Ms. Johnson is apparently judgment proof. Still, the judgment has been and continues to be a significant impediment in Ms. Johnson's economic life.[3] Its existence also clouds the legal question of who is ultimately liable for the Psychiatric Institute's bill for Nathaniel's treatment. The equitable power to relieve a party from a judgment is reserved for circumstances in which its exercise will accomplish justice. *See Northshore Development, Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir.1988). Such circumstances are present here.

The Court's ruling on the matters raised by the pending motions is (1) that the United States' motion to dismiss Ms. Johnson's tort claim will be granted; (2) that the United States' motion to transfer Ms. Johnson's contract claim to the U.S. Claims Court will be granted; (3) that Fairfax County's motion for summary judgment will be denied and (4) that Ms. Johnson's Rule 60(b) motion will be granted. It is unnecessary to decide Fairfax County's motion to dismiss for failure to state a claim.[4] Psychiatric Institute has indicated that it will intervene in Ms. Johnson's action against CHAMPUS when it reaches the Claims Court. It will be more efficient for Psychiatric Institute to acquire Ms. Johnson's claim against CHAMPUS and pursue its remedy directly, but that matter is beyond the reach of this Court.

An appropriate order accompanies this memorandum.

### ORDER

For the reasons set forth in this Court's Memorandum issued today it is this 9th day of October 1996 **ORDERED:**

1. Third-party defendant Fairfax County's motion for summary judgment [# 23] is **denied.**

2. Defendant and third-party plaintiff Carmen G. Johnson's motion to amend third-party complaint [# 24] is **denied.**

3. Third-party defendant United States' motion to dismiss complaint [# 5] is **granted** except with respect to the breach of contract claim.

4. The breach of contract claim by third-party plaintiff Carmen G. Johnson against the United States is **transferred** to the Unit-

---

3. When confronted at oral argument with Ms. Johnson's inability to obtain credit in the face of the judgment, counsel for Fairfax County asserted that the County never intended such a result.

4. Note that relieving Ms. Johnson from Fairfax County's state court judgment has the same effect as entering judgment for Ms. Johnson against Fairfax County on her claim of negligence in the exact amount of Fairfax County's improperly obtained judgment against her.

ed States Court of Federal Claims pursuant to 28 U.S.C. § 1631.

5. Pursuant to F.R.Civ.P. 60(b), defendant and third-party plaintiff Carmen G. Johnson is hereby **relieved** from the judgment and order of the Juvenile and Domestic Relations District Court of Fairfax County, Virginia in *In re Nathaniel Wilson,* Docket No. 153597–P, dated May 12 and or May 13, 1992.

7. All remaining claims, cross-claims, counter-claims and third-party claims in this action are hereby **dismissed.**

### ORDER

Before the Court is the motion of plaintiff Psychiatric Institute of Washington for reconsideration and clarification of this Court's order of October 9, 1996.

It is undisputed on this record that defendant Carmen G. Johnson would be unable to satisfy any substantial money judgment entered against her. The only reason to pursue an action against her is to reach third parties who may be liable for the medical expenses that underlie this action. Ms. Johnson's claim over against CHAMPUS will be transferred to the U.S. Claims Court, but as a practical matter she cannot prosecute it effectively there unless Psychiatric Institute follows the claim to that court and either prosecutes it on Ms. Johnson's behalf or intervenes. Whether Ms. Johnson has a viable claim over against Fairfax County is questionable, for the reasons set forth at page 4 of Fairfax County's memorandum of points and authorities in support of its motion to dismiss Ms. Johnson's amended complaint, served October 11, 1995. Nevertheless, the order dismissing Psychiatric Institute's claim against Ms. Johnson and Ms. Johnson's claim against Fairfax County should have provided that that dismissal was without prejudice.

If Psychiatric Institute seeks further relief after proceedings in the Claims Court are completed, it will have leave to refile in this Court. If statute of limitations considerations warrant, Psychiatric Institute will have leave to refile in this Court *before* the claim against CHAMPUS is resolved, but proceedings in any such refiled matter will be stayed pending resolution of the claim against CHAMPUS.

It is accordingly this 25th day of October 1996 **ORDERED** that plaintiff's motion for reconsideration and clarification [# 36] is **granted,** and that the Court's order of October 9, 1996 is amended to state that the dismissal of plaintiff's claims against defendant, and of third-party plaintiff's claim against Fairfax County, was without prejudice.