Beland v. US Dept. of Transportation  CV-00-328-B  02/14/01
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Diane R. Beland

    v.                                    Civil No. 00-328-B
                                              Opinion No. 2001DNH042
U.S. Department of
Transportation, et al.

MEMORANDUM AND ORDER

Diane R. Beland, pro se, brings this suit pursuant to Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.,

alleging that the United States Department of Transportation (the

"DOT") discriminated against her on the basis of her sex, race,

and national origin.  Specifically, she challenges the DOT's

decision not to select her for one of three vacant regional

director positions.  Before me is the DOT's motion to transfer

this case to the District of Columbia pursuant to 28 U.S.C. §

1404(a).  Beland objects to the transfer of this case.  For the

following reasons, I grant the DOT's motion.

## I. STANDARD OF REVIEW

A district court may transfer an action to another district pursuant to § 1404(a) if two requirements are met.[1]  See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  First, the court must determine that the action "might have been brought" in the

---

[1] Section 1404(a) applies if venue is proper in the original court, while section 1406(a) applies if venue is improper in the original court.  Thus, in most cases, a court must first determine whether venue is proper in the original court in order to determine which transfer of venue statute applies.

Venue is not proper in this Court according to the specific venue provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), because the district of New Hampshire does not fit into any of the four enumerated categories.  While venue in this Court would be proper under the general venue provision of 28 U.S.C. § 1391(e)(3), because Beland resides in New Hampshire, a conflict exists as to whether the specific venue provision is exclusive or whether the general venue provisions of § 1391 may supplement it.  Compare Bolar v. Frank, 938 F.2d 377, 378-79 (2d Cir. 1991) (per curiam) (holding that the specific venue provision controls venue for actions under Title VII of the Civil Rights Act to the exclusion of the general venue statute), and Johnson v. Payless Drug Stores N.W., Inc., 950 F.2d 586, 587-88 (9th Cir. 1991) (same), with Eberhart v. Baker, 652 F. Supp. 1475, 1476-77 (W.D. Pa. 1987) (applying the general venue provisions of § 1391 without any discussion of the specific venue provision in Title VII of the Civil Rights Act), and Wright v. Columbia Univ., 520 F. Supp. 789, 795 (E.D. Pa. 1981) (same).

I need not address this issue because I would reach the same decision to transfer this case to the District of Columbia under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).  Therefore, I assume for purposes of analysis that venue is proper in this Court, and I analyze the DOT's motion to transfer venue under § 1404(a).

transferee district court originally.  28 U.S.C. § 1404(a); see Van Dusen, 376 U.S. at 616.  Second, the court must determine that transferring the action will enhance the convenience of the parties and the witnesses and promote the interest of justice. See id.

Once the first requirement is met, the district court enjoys considerable discretion in deciding whether to transfer a case. See Norwood v. Kirkpatrick, 349 U.S. 29, 30, 32 (1955); Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (holding that a district court's decision concerning a transfer of venue may only be overturned for an abuse of discretion).  In exercising that discretion, the court should consider: (1) the convenience of the parties and the witnesses; (2) the relative ease of access to documents needed for evidence; (3) the availability of process to compel attendance of unwilling witnesses; and (4) the cost of procuring willing witnesses.  See Coady, 223 F.3d at 11; F.A.I. Elecs. Corp. v. Chambers, 944 F. Supp. 77, 80-81 (D. Mass. 1996) (citation omitted).  "Of those factors, the convenience to the expected witnesses is 'probably the most important factor... .'" Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc., 56 F. Supp. 2d 134, 141 (D. Mass. 1999) (citation omitted).

A defendant seeking to transfer an action bears the "substantive burden" of showing that the factors "predominate" in favor of transfer. Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991). "The Supreme Court has held that '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). I apply this standard in ruling on the DOT's motion to transfer.

## II. DISCUSSION

The DOT argues that the Court should transfer this case to the District of Columbia because: (1) Beland might have brought this action in the District of Columbia; (2) the government documents relevant to Beland's claim are located in Washington, D.C.; (3) the defense witnesses reside in the Washington, D.C. area; and (4) one of the defense witnesses is not subject to the subpoena power of this Court.

## A. Beland Might Have Brought This Action in the District of Columbia

This action might have been brought in the District of Columbia if: (1) venue is proper there; (2) the district court

there would have subject matter jurisdiction over this action; and (3) the district court there could exercise personal jurisdiction over the defendant. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991); In re Josephson, 218 F.2d 174, 184 (1st Cir. 1954); 17 James Wm. Moore et al., Moore's Federal Practice § 111.12[1][a] (3d ed. 1997).

First, I find that venue for this action would lie in the District of Columbia pursuant to 42 U.S.C. § 2000e-5(f)(3). This specific venue provision states that "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [or] in the judicial district in which the employment records relevant to such practice are maintained and administered ... ." 42 U.S.C. § 2000e-5(f)(3). In this case, the alleged employment discrimination occurred in the District of Columbia where the DOT interviewed candidates and made its hiring decisions. In addition, all of the relevant documents are located at the DOT offices in Washington, D.C.[2]

_____

[2] The records concerning the recruitment and selection of candidates to fill the regional director positions are housed in

Second, the District Court for the District of Columbia would have subject matter jurisdiction over this action. Beland's allegations that the DOT discriminated against her on the basis of her race, sex, and national origin raise a federal question under Title VII of the Civil Rights Act of 1964. Furthermore, the statute explicitly states that every federal district court has jurisdiction over actions brought pursuant to Title VII. See 42 U.S.C. § 2000e-5(f)(3).

Lastly, the District Court for the District of Columbia could exercise personal jurisdiction over the named defendant, the Secretary of the United States DOT.[3] The Secretary's domicile is in Washington, D.C. at the DOT headquarters, where he performs his official duties. Domicile in the District of Columbia creates a sufficient relationship with the District to support the exercise of personal jurisdiction over the Secretary. See Milliken v. Meyer, 311 U.S. 457, 462-64 (1940); Restatement

_____

the Human Resource Services Office in the Transportation Administrative Service Center in Washington, D.C. See Def.'s Mot. to Transfer, Doc. no. 6, Decl. of Debra J. Rosen.

[3] The complaint, Doc. no. 1, names Rodney E. Slater, Secretary of the DOT, as the defendant. I note that the current Secretary of the DOT is Norman Y. Mineta.

(Second) of Conflict of Laws § 29 (1971). Domicile-based jurisdiction also meets the minimum contacts/purposeful availment test because a defendant domiciled in the District of Columbia fashions substantial and continuous contacts with the District of Columbia and receives the benefits and protections of its laws. See Milliken, 311 U.S. at 463-64; 16 Moore et al., supra, § 108.52. For the foregoing reasons, I find that Beland might have brought this action in the District of Columbia.

B.    Transferring This Action Will Enhance the Convenience of the Witnesses and Promote the Interest of Justice

In deciding whether to transfer an action, the court should consider: (1) the convenience of the parties and the witnesses; (2) the relative ease of access to documents needed for evidence; (3) the availability of process to compel attendance of unwilling witnesses; and (4) the cost of procuring willing witnesses. See Coady, 223 F.3d at 11; F.A.I. Elecs. Corp., 944 F. Supp. at 80-81.

The convenience of the parties, alone, does not dictate that this Court should transfer this action. It will be more convenient for the DOT to litigate this action in the District of Columbia. Beland, however, resides in Nashua, New Hampshire, and

therefore it would be more convenient for her to litigate this action in New Hampshire.

The location of relevant documents, the convenience of the witnesses, and the unavailability of service of process to compel an unwilling witness, however, weigh in favor of transferring this action. The challenged employment actions occurred in the District of Columbia. Employees at the DOT offices in Washington, D.C. posted the open positions, rated and ranked the applicants, interviewed the applicants, and made the final hiring decisions. Thus, all the government documents pertaining to Beland's claim are located at the DOT offices in Washington, D.C. Transferring this action to the District of Columbia would ensure ease of access to those documents needed for evidence.

The convenience of the witnesses also suggests that this Court should transfer this action. The four defense witnesses reside in the Washington, D.C. area. See Def.'s Mot. to Transfer, Doc. no. 6, Decl. of Debra J. Rosen. Litigating this action in New Hampshire will increase the time and expense of these witnesses' participation at the trial as they will have to travel to New Hampshire. Because convenience to the expected witnesses is one of the most important factors in determining

whether to transfer an action, this factor weighs heavily in favor of transferring this action. See Fairview Mach. & Tool Co., 56 F. Supp. 2d at 141.

Furthermore, one of the key defense witnesses, Burton Taylor, who resides in Bethesda, Maryland, and is no longer a federal employee, is beyond the subpoena power of this Court but would be within the subpoena power of the District of Columbia District Court. See Fed. R. Civ. P. 45. Taylor is the former Deputy Director of the DOT's Departmental Office of Civil Rights. See Def.'s Mot. to Transfer, Doc. no. 6, Decl. of Debra J. Rosen. Taylor is an indispensable witness because he interviewed Beland and the other candidates for the regional director positions and recommended the top-ranked candidates for selection. See id. At trial, he will testify about the recruitment process, Beland's interview, and his decision not to recommend Beland for a final interview. See id.

If this case remained in this Court and Taylor decided not to appear as a witness, the DOT could be harmed by the lack of Taylor's live testimony at trial. Although Taylor's deposition could take the place of his live testimony, ensuring the presence of live witness testimony better serves the interest of justice.

"Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to [the] court, jury [and] most litigants." Gulf Oil Corp., 330 U.S. at 511. Therefore, the fact that Taylor is beyond the subpoena power of this Court weighs heavily in favor of transferring this case to the District of Columbia.

Upon considering the relevant factors, I conclude that the DOT has met its "substantive burden" by showing that the factors "predominate" in favor of a transfer. Buckley, 762 F. Supp. at 439.

### III. CONCLUSION

For the foregoing reasons, I grant the DOT's motion to transfer this action, (Doc. no. 6). I direct the Clerk to transfer this action to the United States District Court for the District of Columbia. The Clerk shall mail to the Clerk of the District Court for the District of Columbia: (1) a certified copy of this Memorandum and Order; (2) the docket entries; and (3) the originals of all papers on file in this case.

-10-

SO ORDERED.


_____
Paul Barbadoro
Chief Judge


February 14, 2001

cc:  Diane R. Beland, <u>pro</u> <u>se</u>
     T. David Plourde, Esq.